UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Fairbairn and Mary Fairbairn, | Case No. 14-cv-1635 (PAM/JJK) |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| Kodi Acquisitions LLC, Utah Loan Servicing LLC, Mortgage Electronic Registration Systems, Inc., Wells Fargo Bank, N.A. d/b/a Wells Fargo Home Mortgage, Inc., and J.P. Morgan Chase Bank, N.A., | |
| Defendants. | |

This matter is before the Court on the Motion to Dismiss filed by Kodi Acquisitions LLC, Utah Loan Servicing LLC, and Mortgage Electronic Registration Systems, Inc. (collectively "Defendants").[1]  For the reasons that follow, the Court grants the Motion.

**BACKGROUND**

In 1997, John and Mary Fairbairn bought the property at 19560 Patrick Place, Corcoran, Minnesota 55340.  (Compl. (Docket No. 1) ¶¶ 3, 11-12.)  The Fairbairns subsequently mortgaged the property twice.  In 2003, they granted Wells Fargo Home Mortgage, Inc. a first mortgage to secure a $164,000 loan.  (Id. ¶¶ 13-14.)  And in 2005, they granted J.P. Morgan Chase Bank, N.A. a second mortgage to secure a $120,000 loan.  (Id.

---

[1] Though the Fairbairns have not asserted direct claims against them, Wells Fargo and Chase answered the Complaint.  (See Answer (Docket No. 14); Answer (Docket No. 15).)

¶ 15.) Three years later, the Fairbairns filed for Chapter 7 bankruptcy. (Id. ¶ 16.) They eventually obtained a discharge of the loan secured by the second mortgage, but the mortgage obligation stayed subordinate to the first mortgage. (Id. ¶¶ 17-19.)

The ensuing mortgage assignments and foreclosure are the focus of this case. On April 27, 2010, Chase assigned its interest in the second mortgage to Mortgage First, LLC. (Id. ¶ 20.) A month later, on May 25, Mortgage First requested that Chase's interest be recorded as assigned to MERS. (Id. ¶¶ 21, 23.) A month after that, on June 29, the Fairbairns received notice that the second mortgage had been transferred to Mortgage First and would be serviced by ULS. (Id. ¶¶ 24, 26.) The Fairbairns were also told that they defaulted on the mortgage, owed the outstanding balance of the discharged debt, and would be foreclosed on unless they brought the account current. (Id. ¶¶ 29-30.)

Over a year later, the Fairbairns remained in default. (Id. ¶ 33.) On August 18, 2011, MERS assigned its interest in the second mortgage to ULS, who then initiated foreclosure proceedings. (Id. ¶¶ 32, 35.) ULS executed two notices of pendency for a sheriff's sale of the property, after the Fairbairns recorded two affidavits of postponement, and finally scheduled the sale for August 9, 2012. (Id. ¶¶ 33-35, 37-38.)

A week before the sale, however, the Fairbairns sued Mortgage First and ULS in Minnesota state court. Fairbairn v. Mortg. First, LLC, No. 27-cv-12-16117 (Hennepin Cty. Dist. Ct.). They asserted claims for unlicensed mortgage loan servicing under the Minnesota Residential Mortgage Originator and Servicer Licensing Act ("SLA"), continued and fraudulent collection efforts under the Fair Debt Collection Practices Act ("FDCPA"),

inadequate disclosure of an assignment under the Truth in Lending Act ("TILA"), untimely scheduling of a sheriff's sale under Minn. Stat. § 580.07, common-law negligence, and negligent misrepresentation. (Compl. ¶ 39.) They also moved for a temporary restraining order enjoining further foreclosure activity, which the district court granted. (Id. ¶¶ 40-42.)

Following cross motions for summary judgment, the district court granted summary judgment to the Fairbairns on their SLA, TILA, and § 580.07 claims, and to Mortgage First and ULS on the FDCPA, common-law negligence, and negligent-misrepresentation claims. (Id. ¶ 43.) The court also dissolved the injunction, allowing ULS to continue with the foreclosure. (Id.)

After the state-court proceedings, ULS notified the Fairbairns of the sheriff's sale, which occurred on April 11, 2014. (Id. ¶¶ 45-46.) The sale was subject to a five-week redemption period; the redemption period expired on May 16. (Id. ¶ 46.)

The Fairbairns then brought the current lawsuit in federal court. They alleged many of the same facts that they alleged in the previous lawsuit, but they added MERS and Kodi as parties and asserted three new claims: a quiet-title action resolving that ULS and MERS have no adverse claims against the property because the assignments were improperly recorded and giving the Fairbairns the property in fee simple (id. ¶¶ 41-55); a declaratory-judgment action stating that ULS's foreclosure was defective due to an unlawful assignment and an inadequate redemption period, and thus is void (id. ¶¶ 55-61); and a defamation-of-title action determining that MERS allowed Kodi to enter the second mortgage into its database even though ULS never assigned its servicing rights to Kodi and awarding the

Fairbairns any resulting damages (id. ¶¶ 61-73).

Defendants now move to dismiss on the grounds of res judicata, collateral estoppel, failure to state a claim, and failure to plead fraud with particularity. (Mot. to Dismiss (Docket No. 16).)[2]

**DISCUSSION**

Although Defendants raise multiple grounds for dismissal, the Court need only address two of them: res judicata and failure to state a claim. Those two grounds fully resolve the Fairbairns' claims against Defendants.

**A.    Res Judicata**

Defendants primarily argue that res judicata bars the Fairbairns from litigating their claims in the current lawsuit because they could have litigated those claims in the previous lawsuit. According to Defendants, the Fairbairns lost their fight to prevent foreclosure of and extinguish the second mortgage in state court and may not revive that fight in federal court. With one exception, Defendants are correct.

To promote finality and avoid piecemeal litigation, the doctrine of res judicata precludes a party from pursuing claims in a subsequent lawsuit that were or could have been raised and decided in a prior lawsuit. Laase v. Cnty. of Isanti, 638 F.3d 853, 857, 859 (8th Cir. 2011). When the prior lawsuit occurred in state court, the Full Faith and Credit Statute,

---

[2] Despite having been afforded an ample extension to do so, the Fairbairns failed to submit any briefing in response to Defendants' Motion or timely notify the Court that another extension was necessary.

28 U.S.C. § 1738, requires that federal courts "give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Allen v. McCurry, 449 U.S. 90, 96 (1980); see also St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp., 539 F.3d 809, 821 (8th Cir. 2008) (stating that "[t]he law of the forum that rendered the first judgment controls the res judicata analysis"). The Court therefore looks to Minnesota law in analyzing whether the Fairbairns' claims are barred by res judicata.

Under Minnesota law, res judicata applies as an absolute bar to a later claim when: "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter." Hauschildt v. Beckingham, 686 N.W.2d 829, 840 (Minn. 2004). If those elements are met, res judicata bars not only claims as to matters actually litigated but also as to every matter that could have been litigated. State v. Joseph, 636 N.W.2d 322, 327 (Minn. 2001). Except for the redemption-period part of the Fairbairns' declaratory-judgment claim, all of their claims satisfy the elements of res judicata.

### 1. Same Set of Factual Circumstances

First, the previous lawsuit involved the same set of factual circumstances as the current lawsuit. The key focus of res judicata is whether the earlier claim "arises out of the same set of factual circumstances" as the earlier claim. Hauschildt, 686 N.W.2d at 840 (citation, quotation marks, and emphasis omitted). Claims are based on the same facts if they are supported by the same evidence. McMenomy v. Ryden, 148 N.W.2d 804, 807 (Minn.

1967). Claims do not derive from the same factual predicate, however, if the right to assert each claim did not exist at the same time. Hauschildt, 686 N.W.2d at 841.

The facts underlying the previous lawsuit centered on the assignments and foreclosure of the second mortgage. The Fairbairns challenged the lawfulness of Chase's assignment to MERS as well as MERS's assignment to ULS. They also attacked the validity of ULS's initiation and handling of the foreclosure. In other words, the previous lawsuit concerned all of the factual circumstances surrounding the assignment and foreclosure process before the sheriff's sale.

All but one part of the Fairbairns' claims arise out of identical factual circumstances. The quiet-title claim seeks to resolve any interest that ULS and MERS may have in the property given their respective assignments. The declaratory-judgment claim—to the extent it is based on an unlawful assignment—seeks a judgment that the foreclosure was defective because of those assignments. And the defamation-of-title claim seeks to determine any interest that Kodi may have in the property as a result of its entry in MERS's database. These claims relate to the same property, the same mortgage, the same assignments, and the same foreclosure that were at issue in the previous lawsuit.

But the Fairbairns' declaratory-judgment claim—to the extent it is based on an inadequate redemption period—arises out of different factual circumstances. The redemption period necessarily succeeded the sheriff's sale, which occurred after the previous lawsuit ended. The right to assert that claim did not then exist at the same time as the right to assert the other claims, which was before the previous lawsuit began. As this part of the

6

declaratory-judgment claim does not involve the same set of factual circumstances as the previous lawsuit, it cannot be barred by res judicata.

### 2. Same Parties or Their Privies

Second, the previous lawsuit involved the same parties or their privies as the current lawsuit. Privity "expresses the idea that as to certain matters and circumstances, people who are not parties to an action but who have interests affected by the judgment as to certain issues in the action are treated as if they were parties." SMA Servs., Inc. v. Weaver, 632 N.W.2d 770, 774 (Minn. App. 2001) (citation and quotation marks omitted). Because Minnesota courts have not established a definition of privity for res judicata purposes, the Court must carefully examine the circumstances of each case to determine privity. McMenomy, 148 N.W.2d at 807. That said, parties in privity often include "those whose interests are represented by a party to the action." Margo-Kraft Distribs., Inc. v. Minneapolis Gas Co., 200 N.W.2d 45, 48 (Minn. 1972) (citation and quotation marks omitted).

ULS was a party in the previous lawsuit, but MERS and Kodi were not. MERS and Kodi, however, are privies of ULS. In particular, MERS and Kodi have interests affected by the previous lawsuit and ULS represented those interests. The previous lawsuit directly affected any interest MERS and Kodi might have in the property because ULS received its mortgage interest from MERS and MERS allegedly allowed Kodi to take a servicer interest from ULS. The resulting chain of interests creates privity between Defendants.

### 3. Final Judgment on the Merits

Third, the previous lawsuit concluded in a final judgment on the merits. The district court disposed of the Fairbairns' earlier claims on their merits by granting summary judgment to the Fairbairns on three of the claims and to Defendants on the other three. And that judgment became final once the Fairbairns opted not to appeal.

### 4. Full and Fair Opportunity to Litigate the Matter

Finally, the Fairbairns had a full and fair opportunity to litigate their claims in the previous lawsuit. In assessing whether a party had a full and fair opportunity to litigate a matter, the Court considers several factors: "whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." Joseph, 636 N.W.2d at 328 (citation and quotation marks omitted).

The Fairbairns had every opportunity to pursue their claims in state court. They faced no significant procedural limitations: they secured an injunction delaying foreclosure while their case was pending, were represented by competent counsel, and had sufficient access to discovery. They should have had the incentive to comprehensively litigate the validity of the impending foreclosure and needed to raise their other concerns then. See Dorso Trailer Sales, Inc. v. Am. Body & Trailer, Inc., 482 N.W.2d 771, 774 (Minn. 1992) (explaining that under res judicata, a party must "assert all alternative theories of recovery in the initial action"). And they were not hindered by their relationship with Defendants.

Ultimately, the Fairbairns' current lawsuit—with the exception noted above—intends to achieve what their previous lawsuit did not: to prevent foreclosure of and extinguish the second mortgage. Based on Minnesota's principles of res judicata, the state court's judgment in the previous lawsuit precludes this Court from considering most of the Fairbairns' claims in the current lawsuit.

**B.      Failure to State a Claim**

Having dismissed all but the redemption-period part of the Fairbairns' declaratory-judgment claim, the Court turns to that claim. Defendants argue that the Fairbairns have failed to state a claim because Minnesota law allows a five-week redemption period when the mortgagor records an affidavit of postponement, as the Fairbairns did here. Defendants are again correct.

In Minnesota, the period in which a mortgagor can redeem foreclosed property from a sheriff's sale is generally six months. Minn. Stat. § 580.23, subd. 1. But this general rule has an exception: if the mortgagor records an affidavit of postponement effectively postponing the sheriff's sale for five months, the redemption period is reduced to five weeks. Minn. Stat. § 580.07, subd. 2(a) ("Recording of the affidavit and postponement of the foreclosure sale pursuant to this subdivision shall automatically reduce the mortgagor's redemption period under section 580.23 to five weeks.").

Here, the Fairbairns recorded an affidavit of postponement, which ULS honored by postponing the sheriff's sale. The affidavit extended the time before the sale by five months yet triggered the statutory reduction of the redemption period after the sale from six months

to five weeks. The Fairbairns cannot have it both ways: they could either allow the sale to occur as scheduled and benefit from a longer redemption period or push off the sale but suffer a shorter redemption period. They chose the latter option and must live with the consequences.

The rest of the Fairbairn's declaratory-judgment claim therefore fails to state a claim.

**CONCLUSION**

In sum, the Fairbairns' quiet-title claim, declaratory-judgment claim as it relates to an unlawful assignment, and defamation-of-title claim are barred by res judicata. And their declaratory-judgment claim as it relates to an inadequate redemption period fails to state a claim. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Docket No. 16) is **GRANTED**; and

2. The Fairbairns' Complaint (Docket No. 1) is **DISMISSED** with prejudice as to Defendants ULS, MERS, and Kodi.

Dated: October 2, 2014

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge